**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ELIZABETH CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cv-04736 |
| v. ) | |
| ) | Judge Lindsay C. Jenkins |
| CATHOLIC CHARITIES DIOCESE OF ) | |
| JOLIET, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO TEMPORARILY STAY RULING**
**ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, Catholic Charities Diocese of Joliet ("Defendant"), by its undersigned counsel, and respectfully requests this Court stay its ruling on Defendant's Motion for Summary Judgment (Dkt. #34) for thirty (30) days to afford the Plaintiff, Elizabeth Campbell ("Plaintiff"), an opportunity to review her deposition transcript, if she so chooses, and in support thereof states as follows:

1. Counsel for Defendant deposed Plaintiff on October 24, 2023 and utilized Veritext Legal Solutions ("Veritext") to transcribe Plaintiff's testimony. At her deposition, Plaintiff reserved the right to review her deposition transcript pursuant to Federal Rule of Civil Procedure 30(e).

2. On or around March 30, 2024, Plaintiff alleged via email to counsel for Defendant that she was not afforded an opportunity to review her deposition transcript despite reserving signature.

3. On or around April 2, 2024, counsel for Defendant contacted Veritext to request a copy of Veritext's communication(s) to Plaintiff regarding her review of her deposition transcript.

In response, a Veritext representative confirmed Veritext mistakenly sent Plaintiff's deposition transcript to counsel for Defendant for Plaintiff's review.

4. Counsel for Defendant is unable to conclusively determine whether, contrary to Plaintiff's allegation, Plaintiff was afforded an opportunity to review her deposition transcript.

5. Believing Plaintiff was afforded an opportunity to review her deposition transcript consistent with her reservation of signature, Defendant relied on Plaintiff's deposition testimony in support of its Motion for Summary Judgment. Now that Defendant is aware Plaintiff may not have been afforded such an opportunity, Defendant is obligated to notify this Court accordingly prior to this Court's ruling on Defendant's Motion for Summary Judgment.

6. Counsel for Defendant provided Plaintiff with Veritext's contact information on or around April 2, 2024, so Plaintiff can request to review her deposition transcript if she deems necessary.

WHEREFORE, the Defendant, Catholic Charities Diocese of Joliet, respectfully requests this Court stay its ruling on Defendant's Motion for Summary Judgment for thirty (30) days to afford Plaintiff an opportunity to review her deposition transcript, if she so chooses, and such further and additional relief as this Court deems just and proper.

Dated: April 4, 2024                                CATHOLIC CHARITIES DIOCESE OF JOLIET

                                                    By: /s/ David A. Moore_____
                                                        David A. Moore
                                                        One of Its Attorneys

Jeffrey S. Fowler (ARDC No. 6205689)
David A. Moore (ARDC No. 6283568)
Laner Muchin, Ltd.
515 North State Street, Suite 2400
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

jfowler@lanermuchin.com
dmoore@lanermuchin.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that I caused the foregoing **Defendant's Motion to Temporarily Stay Ruling on Defendant's Motion for Summary Judgment** in the above-captioned matter to be served on the parties of record listed below, via the functions of the Court's ECF system and email, on April 4, 2024, addressed to:

>Elizabeth Campbell
>202 Northridge Ave.
>Bolingbrook, IL 60440
>(630) 674-8799
>prayingmom13@gmail.com

>/s/ David A. Moore
>David A. Moore